UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elisha Hartman,<br>           Plaintiff,<br><br>     v.<br><br>Volvo Car USA, LLC; Stratosphere Quality, LLC; TalentLogistix, LLC; and Austin Michael Kirkham,<br>           Defendants. | CASE NO.: 2:26-cv-02865-RMG-TER<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1.  This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for sexual harassment under Title VII of the Civil Rights Act of 1964.

2.  All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a.  A charge of employment discrimination on basis of sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b.  Notification of the Right to Sue was received from the EEOC on or about April 30, 2026.

   c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3.  Plaintiff, Elisha Hartman, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.  The Defendant, Volvo Car USA, LLC, is upon information and belief, a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

6. The Defendant, Stratosphere Quality, LLC, is upon information and belief, a foreign corporation organized in the State of Indiana and operating under the laws of the State of South Carolina.

7. The Defendant, TotalLogistix, LLC, is upon information and belief, a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

8. The Defendant, Austin Michael Kirkham, upon information and belief is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

9. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

12. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## **STATEMENT OF FACTS**

13. On or about January 22, 2024, Plaintiff began working for Defendant as a Team Member and most recently as an IRC Rinal 2 Team Member. At all times, Plaintiff was effective and efficient in her employment.

14. During Plaintiff's employment, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by a couple of Plaintiff's co-workers, Chris Pinckney, and Tanasia, as well as a contractor for Defendant, Austin Kirkham.

15. Mr. Pinckney would constantly request that Plaintiff go on dates with him, and would direct vulgar and sexual innuendos towards Plaintiff, such as "girls aged 16-22 smell creamy," and that he wanted Plaintiff to go home with him and have a bath and light some candles. Plaintiff would repeatedly turn down both and request them to stop.

16. Tanasia, a homosexual female, walked up to Plaintiff in or around July 2024, and grabbed Plaintiff's buttocks. The Plaintiff requested her to stop.

17. Mr. Kirkham would request that Plaintiff take him to lunch and would call her names such as "chicken legs." On one occasion, after spurning his advances, Mr. Kirkham told Plaintiff that he was going to cause trouble for her.

18. The Plaintiff reported the sexual harassment by Mr. Pinkney, Tanasia, and Mr. Kirkham to Melinda Wilfred, PX Manager, but nothing was done.

19. After the complaints, Plaintiff was forced to continue to work with Mr. Kirkham wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

20. Plaintiff then notified her supervisor, Katie Jones, that she was scared of Mr. Kirkham and requested to be moved to another building to get away from Mr. Kirkham.

21. On or about November 11, 2024, Plaintiff was terminated, due to her reports of sexual harassment.

22. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

23. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems and disciplined the Plaintiff for reporting Mr. Pinckney's, Talasia's, and Mr. Kirkham's inappropriate behavior upon her.

24. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Pinckney, Talasia, and Mr. Kirkham including sexual harassment.

25. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

26. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Sexual Harassment - Title VII of the Civil Rights Act of 1964

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. The Defendants as Plaintiff and Mr. Pinckney's and Talasia's employer, as well as the contractor for Defendant, Mr. Kirkham, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a.  In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

b.  In continually allowing Mr. Pinckney, Talasia, and Mr. Kirkham to maintain their presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

c.  In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

d.  In retaliating and firing her for reporting the sexual harassment.

29. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

30. As a direct and proximate result of the acts and practices of Defendant in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

31. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

32. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.  Upon reporting the detrimental treatment and discrimination based on reporting the sexual harassment, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

33. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

34. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

35. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

36. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Harassment and Stalking

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. Defendant has harassed the Plaintiff by a pattern of intentional, substantial, and unreasonable intrusion into her private life. These actions have caused and would cause reasonable people in the Plaintiff's position to suffer mental distress.

39. Defendant has displayed physical and verbal contact that is initiated, maintained, or repeated after Plaintiff has provided notice that the contact is unwanted.

40. Defendant has stalked the Plaintiff by a pattern of words, conduct, written, or electronic, that is intended to cause and does cause the Plaintiff and reasonable people in the Plaintiff's position to fear.

41. Defendant has demonstrated aggravated stalking due to the fact the stalking was accompanied or followed by an act of violence.

## REQUEST FOR RELIEF

42. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

43. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

44. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.      Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.      Judgment against Defendant in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Jarrel L. Wigger*

Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
July 16, 2026